**2622-CC02573**

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| 1415STCLOUD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | Cause No: |
| COMPANY, | ) | |
| | ) | |
| Serve: CSC Lawyers Incorporating Service | ) | Division: 1 |
| Company | ) | |
|    221 Boliver Street | ) | |
|    Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff 1415STCIOUD, LLC, by and through its attorneys and for its

Cause of action against Defendant State Farm Fire and Casualty Co states as follows:

## PARTIES

1.    Plaintiff 1415StCloud, LLC ("Plaintiff" or "1415StCloud") is a Washington

limited liability company with its principal place of business in the State of Missouri with its

registered address located at 3218 Mount Pleasant Street, St. Louis, Missouri 63111 and duly

registered as a foreign limited liability company authorized to transact business in the State of

Missouri. Plaintiff is the owner of the property located at 1200 N. Euclid Avenue, Saint Louis,

Missouri 63113 (the "Property"), which is a multi-unit apartment complex. The Property is a six

unit building known commonly as 1200, 1202 and 1204 N. Euclid Avenue (collectively 1200 N.

Euclid).

1

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

2.      Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") is an Illinois foreign insurance company authorized to do business in the State of Missouri and regularly conducts business within the City of St. Louis, Missouri.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the parties and this cause of action pursuant to Article V of the Missouri Constitution and § 478.070 RSMo, in that the parties entered into a contract within the State of Missouri, Defendant regularly conducts business in the State of Missouri and the cause of action arose out of conduct and actions with in the State of Missouri.

4.      Venue is proper in the City of St. Louis Circuit Court pursuant to §508.010 RSMo and §375.1803 because the insured property giving rise to this dispute is located within the City of St. Louis, Missouri, and the cause of action accrued in the City of St. Louis, Plaintiff's registered address is in the City of St. Louis and Defendant operates in the City of St. Louis.

## GENERAL ALLEGATIONS

### A. The Policy

5.      At all times relevant hereto, Plaintiff was the named insured under State Farm Fire and Casualty Company Apartment Policy No. 95-N7-7840-8 (the "Policy"), effective March 21, 2025 through March 21, 2026. A copy of the aforesaid contract of Insurance is attached hereto as Plaintiff's Exhibit 1 and incorporated herein by reference.

6.      The Policy provides Coverage A — Buildings with a Limit of Insurance of $798,300.00 for the Property located at 1200 N. Euclid Avenue, Saint Louis, Missouri 63113.

2

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

7.     The Policy is an "all-risk" or replacement cost policy that provides coverage for direct physical loss to the insured property caused by covered perils, including wind and tornado damage.

8.     The Policy also provides coverage for Loss of Income and Extra Expense, as well as extensions of coverage including debris removal (up to 25% of the covered loss) and increased cost of construction and demolition costs (up to 10% of the applicable limit).

9.     Plaintiff timely paid all premiums due under the Policy and was in full compliance with all Policy terms and conditions at the time of the loss.

### B. The Tornado Loss

10.     On or about May 16, 2025, a catastrophic tornado struck the City of St. Louis, Missouri, causing severe and widespread destruction to residential and commercial properties throughout the region, including the Property.

11.     The tornado caused catastrophic damage to the Property, including but not limited to: complete or near-complete destruction of the roof system; severe structural damage to masonry walls, parapets, framing, and interior structural components; significant destruction of various mechanical, electrical, and plumbing systems throughout the building; and total loss of interior improvements including kitchens, bathrooms, flooring, cabinetry, appliances, staircases, and fixtures in every unit.

12.     As a result of the tornado damage, the City of St. Louis condemned the Property, rendering it uninhabitable and requiring full structural reconstruction before any re-occupancy would be permitted.

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

**13.** Plaintiff timely reported the loss to State Farm. Claim No. 25-84V9-93C was assigned by State Farm.

### C. State Farm's Investigation and Adjustment

**14.** Following the loss, State Farm conducted an inspection of the Property and assigned multiple claims representatives over the course of the adjustment process. The property was inspected and the claim was handled by a succession of State Farm adjusters and claims specialists, including but not limited to Mary J. Wipf (External Claims Resource), Daniel House (Claim Specialist WCCS-Deployed), and Sean J. Crayton (WCCS Deployed Claims Specialist).

**15.** On June 5, 2025, State Farm issued an initial payment of $124,986.49, representing only a partial advance on the claim.

**16.** On July 1, 2025, State Farm issued a loss of income payment of $11,214.44 for the period through November 30, 2025.

**17.** By letter dated November 15, 2025, State Farm — through claims representative Mary Wipf — issued a Customer Final Copy and Summary of Loss valuing the building loss at $523,994.81 (replacement cost value), less $75,723.66 in non-recoverable depreciation, for a subtotal of $448,271.15. After crediting the prior payment of $124,986.49, State Farm tendered an additional payment of $323,784.66. The total paid at that time was $448,271.15.

**18.** State Farm's November 2025 estimate was grossly deficient and failed to account for the actual scope and cost of restoring the Property to its pre-loss condition. The estimate omitted entire categories of covered damage, including but not limited to: interior demolition ($66,900.00); structural framing ($144,000.00); plumbing systems ($85,200.00); sewer laterals ($10,500.00); electrical systems ($60,300.00); appliances ($83,790.00); kitchens ($83,250.00);

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

bathrooms ($13,500.00); complete roofing ($124,986.49); staircases ($54,000.00); and lighting ($10,800.00).

19.     By letter dated November 22, 2025, Plaintiff's counsel, Michael J. Parnas of The Parnas Law Firm, LLC, notified State Farm of the severe deficiencies in its estimate, documented a total undervaluation of $1,025,084.66 as compared to the estimate of Plaintiff's licensed general contractor, Property Hawk, LLC, and demanded that State Farm meaningfully re-evaluate the claim in good faith. A copy of the aforesaid letter is attached hereto as Plaintiff's Exhibit 2 and incorporated herein by reference.

20.     By letter dated December 2, 2025, State Farm — through claims specialist Daniel House — acknowledged receipt of Plaintiff's correspondence and requested that Plaintiff's contractor reformat its estimate in State Farm's Xactimate software format to allow a direct comparison of line items.

21.     Plaintiff, at considerable time and expense, retained an expert familiar with Xactimate software and reformatted the contractor's estimate to match State Farm's format precisely, producing a detailed Xactimate-format reconstruction estimate totaling approximately $1,277,910.00.

22.     By letter dated March 6, 2026, Plaintiff's counsel transmitted to State Farm the fully reformatted Xactimate estimate along with three supporting exhibits: Exhibit A (Damage Calculation Summary), Exhibit B (Carrier vs. Reconstruction Scope Gap Matrix), and Exhibit C (Detailed Line-by-Line Comparison of Estimates). This correspondence documented a scope gap of at least $954,125.34 between State Farm's estimate and the actual cost of restoration, and formally demanded payment of the remaining policy benefits of $349,528.85. A copy of the aforesaid letter and sub exhibits is attached hereto as Plaintiff's Exhibits 3, 3A, 3B and 3C.

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

23.     By letter dated March 10, 2026, State Farm — now through claims specialist Sean Crayton — acknowledged receipt of the March 6, 2026 correspondence but characterized the comprehensive estimate as "unsubstantiated" and refused to accept the demand. State Farm represented it would reconcile the estimate and issue a revised estimate, and also issued an additional loss of rents payment of $7,418.36 for the period December 1, 2025 through March 31, 2026.

24.     As of the date of Plaintiff's April 21, 2026 follow-up correspondence, State Farm had issued no revised estimate and had provided no substantive response to the March 6, 2026 demand despite over six weeks having elapsed.

25.     By letter dated May 4, 2026, Plaintiff's counsel served upon State Farm written notice pursuant to § 375.296 RSMo of Plaintiff's demand for payment of $349,528.85 in remaining policy benefits, and notified State Farm that suit would be filed in the Circuit Court of the City of St. Louis if payment was not received within thirty (30) days. A copy of said correspondence is attached hereto as Plaintiff's Exhibit 4 and incorporated herein by reference.

26.     The thirty-day notice period under § 375.296 RSMo has expired without State Farm tendering the demanded payment or otherwise resolving the claim.

27.     To date, State Farm has paid a total of approximately $467,403.95 under the Policy (including the March 2026 loss of rents payment), leaving a minimum of $330,896.05 in remaining Coverage A policy benefits owed to Plaintiff, plus additional amounts for loss of rental income.

28.     The actual cost to restore the Property to its pre-loss condition, as documented by Plaintiff's contractor and expert, is approximately $1,277,910.00, which exceeds the Policy's

6

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

Coverage A limit of $798,300.00. Plaintiff is therefore entitled to the full policy limits under Coverage A, less amounts already paid.

## COUNT I — BREACH OF CONTRACT

COMES NOW Plaintiff 1415StCloud LLC, by and through its attorneys and for Count I of its Petition against Defendant State Farm Fire and Casualty Co., states to the Court as follows:

29.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

30.     The Policy constitutes a valid and enforceable contract between Plaintiff and State Farm.

31.     Plaintiff fully performed all obligations under the Policy, including timely payment of all premiums and timely reporting of the insured loss.

32.     The tornado damage to the Property on May 16, 2025 constitutes a covered loss under the Policy.

33.     Under the Policy, State Farm is obligated to pay the replacement cost of covered damage to the Property, up to the applicable limit of insurance of $798,300.00.

34.     State Farm has breached its contractual obligations by: (a) failing to accurately assess the full scope of covered damage; (b) refusing or failing to pay the replacement cost of all covered damage; (c) issuing estimates that systematically omit entire categories of covered loss; and (d) failing to pay the full amount owed under the Policy despite Plaintiff's repeated demands and the submission of detailed, properly formatted documentation of the actual scope and cost of loss.

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

35.     As a direct and proximate result of State Farm's breach of contract, Plaintiff has suffered damages in an amount equal to the unpaid policy benefits, which Plaintiff estimates to be at least $349,528.85 (the remaining Coverage A limit), plus continuing loss of rental income in amounts to be proven at trial.

WHEREFORE, Plaintiff 1415StCloud, LLC prays for judgment against Defendant State Farm Fire and Casualty Company on Count I for compensatory damages in an amount to be proven at trial, for its costs, and for such further and other relief as the Court deems just and proper in the premises.

## COUNT II — VEXATIOUS REFUSAL TO PAY (§§ 375.296 AND 375.420 RSMo)

COMES NOW Plaintiff 1415StCloud LLC, by and through its attorneys and for Count II of its Petition against Defendant State Farm Fire and Casualty Co., states to the Court as follows:

36.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37.     Section 375.420 RSMo provides that in any action against an insurer for benefits under an insurance policy where the insurer has refused to pay the loss without reasonable cause or excuse, the court shall, in addition to the judgment for the plaintiff, allow recovery of damages not to exceed twenty percent (20%) of the first $1,500.00 of the loss and ten percent (10%) of the amount of the loss in excess of $1,500.00, together with all reasonable attorneys' fees.

38.     Section 375.296 RSMo further provides for the recovery of interest, a penalty, and attorneys' fees where an insurer fails to pay a claim within thirty (30) days after receiving written demand from the insured.

8

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

39.     State Farm's refusal to pay the full amount of Plaintiff's covered loss has been without reasonable cause or excuse. Specifically and but not limited to:

(a) State Farm's original estimate omitted entire categories of covered damage — including framing, plumbing, electrical systems, kitchens, bathrooms, interior demolition, appliances, and staircases — without any reasonable basis for doing so;

(b) After expressly requesting that Plaintiff reformat its estimate in State Farm's own Xactimate software — which Plaintiff did at considerable expense — State Farm failed to respond substantively for over six weeks and then refused the demand without issuing any revised estimate;

(c) State Farm's own claim representatives have acknowledged throughout the adjustment process that the Property sustained severe tornado damage, yet State Farm has persistently refused to account for the full scope of legally required reconstruction;

(d) State Farm has subjected Plaintiff to a prolonged and unreasonable adjustment process spanning more than one year, involving multiple successive adjusters, unnecessary delays, and shifting demands for documentation, while the Property continued to deteriorate; and

(e) State Farm failed to pay Plaintiff's claim within thirty (30) days of receiving written demand pursuant to § 375.296 RSMo.

(f)  In addition to putting no less than 7 claims agents on Plaintiff's claim, Defendant has repeatedly delayed action on this claim by failing to resolve the same for over one year from the date of loss. This bad faith is further evidenced by Defendant State

9

Electronically Filed - City of St. Louis - June 30, 2026 - 05:17 PM

Farm most recently stating that Plaintiff has failed to mitigate the loss by allowing the subject Property to fall into disrepair and is using the disrepair of the Property as an excuse to exclude certain items from the scope of work.

(g) At all times throughout this process Plaintiff has timely responded to every demand State Farm has made and has taken extraordinary steps to facilitate a prompt resolution to this claim while State Farm continues to "internally review" its estimate.

40.    State Farm's conduct constitutes a vexatious refusal to pay within the meaning of §§ 375.296 and 375.420 RSMo, entitling Plaintiff to statutory penalties, interest, and attorneys' fees in addition to the underlying policy benefits.

WHEREFORE, Plaintiff 1415StCloud, LLC prays for judgment against Defendant State Farm Fire and Casualty Company on Count II for: (a) compensatory damages equal to the unpaid policy benefits; (b) statutory penalties pursuant to §§ 375.296 and 375.420 RSMo; (c) reasonable attorneys' fees; (d) pre- and post-judgment interest; (e) costs of this action; and (f) such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

THE PARNAS LAW FIRM, LLC

/s/ Michael J. Parnas

Michael J. Parnas  Mo. Bar: 36905
7710 Carondelet Avenue, Suite 516
Saint Louis, Missouri 63105
(314) 726-6015   Office
(314) 726-6019   Fax
mparnas@mparnaslaw.com

Attorney for Plaintiff 1415StCloud, LLC